May it please the Court, my name is Antonio Salazar. I'm here on behalf of the petitioner, Mr. Corona-Mendez. I think the issue before the Court is a relatively narrow one. Mr. Corona-Mendez, who has resided in the United States since 1956 and worked primarily as a farm worker, was deported in 1993 from the United States. He returned after a brief period of time and in 1996 he became a... He returned without permission, right? He returned without permission. In 1996, without disclosing that he had a prior deportation, he obtained permanent resident status. He continued in that fashion until he later applied for citizenship and it came up that he had... Again, he stated that he had no prior deportations. As a result of it coming to light that he had failed to reveal the prior deportation, removal proceedings were instituted in which it was alleged that he was removable in the first instance for fraud, misrepresentation and failing to reveal the prior deportation. And then secondly, that he had returned to the United States within 10 years of deportation without permission of the Attorney General. He, before the immigration judge, applied to readjust his status because he has nine children and six of them are either United States citizens or resident aliens. So he made an application to readjust his status and he applied for two waivers. One was the waiver for the prior deportation and secondly for having made false statements or misrepresentations. He essentially wants to stack his waivers, right? That's correct, Your Honor. And I'm curious, do you have... that support your position that he should be permitted to stack multiple waivers in order to apply for permission to enter essentially non-protect? There are prior BIA decisions that allow stacking of waivers, but not specifically where one of the waivers is a waiver for the prior deportation. And that one, in the Garcia-Linares decision, the 1996 BIA decision, which the immigration judge relied upon and the BIA relied upon in denying Mr. Corona's applications to adjust, it does mention therein, I believe one of the cases was Sosa-Hernandez, about how we've allowed multiple waivers in other situations, but in this situation, we've not allowed it because to get the waiver of the prior deportation, it has to take care of all issues of removability and inadmissibility. And in this case, it did not because Mr. Corona-Mendez also needed a waiver for the misrepresentation. Well, how do you get... Sorry, that's kind of the elephant in the room. Yeah, how do you get around that case? Well, Your Honor, there are no Ninth Circuit cases on point. And obviously, the court has stated repeatedly that in these kind of situations, where there's an agency interpretation, which has specific expertise in that area of the law that you will give it the Chevron deference, except where it's arbitrary, capricious, or contrary to statute. In this instance, the whole issue of non-pro-tank waivers is one that has been developed administratively for many years, and these waivers are routinely... So which of those circumstances are you arguing? Well, I believe, Your Honor, that it would be... In this instance, the statute does not prohibit it. For instance, if you look at the provisions that allow a waiver for the prior deportation, it just says that the Attorney General can... But that doesn't mean, then, that the interpretation by the agency is contrary to the statute. If the statute is silent, that's precisely when the agency has authority to step in and fill in the omissions that are in the statute. Well, one could also argue that the fact that they're basically creating a body of law that's not addressed specifically in the Immigration and Nationality Act to that extent, it would be contrary to the statute, which is silent on the issue. And we're asking that the court revisit the issue that, in this case, it has led to a very harsh result, and this individual who otherwise would be allowed to retain his resident alien status, not being able to do that and being faced with the possibility of removal after having lived in the United States for more than 50 years and having nine children here and a resident alien wife. But aren't you essentially arguing for a humanitarian exception? Well, no, Your Honor. I'm asking that the court look at, I guess, the Garcia Linares case, where they acknowledge that, in other instances, they have allowed multiple waivers to be stacked. But in this particular case, where one of the waivers is for the prior deportation, they will not allow that simply because they previously said that they wouldn't do it. And I'm saying that where the statute doesn't preclude that, such an interpretation could arguably be arbitrary or against the statute. So we're asking that the court revisit that issue. Well, what would be a good policy reason for allowing people to lie about deportations to, you know, I mean, essentially, had it been caught in the first place, that would have been the end of it. It just worked the first time, and then he tried it a second time, and maybe he should have just let it work the first time. But, I mean, you know, what would be the policy reason that we would want to encourage people to lie like this? Well, Your Honor, it's not a matter of encouraging people to lie, but where there's been a fraud or misrepresentation, the statute allows for such a waiver based on hardship, in this case, to the resident alien spouse. And in other instances, people can get waivers. I don't think that by allowing people to get a waiver, you're encouraging them to lie. And in this case, unfortunately, as he had indicated, he was not assisted by a lawyer when he obtained his resident alien status. He was assisted by family members, and unfortunately, he didn't reveal that prior removal. And I would like to reserve the rest of my time. All right, counsel. May it please the Court, my name is James Hurley, and I represent the Attorney General, the respondent in this matter. This petition for review should be denied in part and dismissed in part. First, the Court lacks jurisdiction to review the agency's discretionary determination that Mr. Corona did not merit a 212-I waiver of inadmissibility in order to adjust his status. What PIA decision or Ninth Circuit decision supports your argument on that? In that case, I have Cervantes v. Gonzales, or no, Cervantes-Gonzales v. INS, 244-F3-1001. And Memmejay v. Gonzales, 41-F3-1163. The Court would have jurisdiction to review a legal question in that context, but the petitioner hasn't raised a legal question in that context. Well, I think counsel for the appellant is arguing that we should extend the reasoning of, in the matter of Sosa Hernandez, why should we not extend the reasoning of the BIA's decision in the matter of Sosa Hernandez by finding that a grant of 237-A1H waiver would eliminate Corona Mendez's illegal entry in 1993, thus retroactively making true his claim that his LPR application, that he was not deported. Is that in context of his adjustment of status plea, or is it for his retroactive, he wants to retroactively? I think retroactively, yeah. Well, the agency, there is no statutory authority that the agency has that allows it to permit an alien to retroactively ask for permission to be admitted. And the agency has created two limited circumstances where they're allowed to do that. In one case, it's where the alien wants to adjust status and he needs a waiver of inadmissibility. And the second one is where the grant of permission, retroactive permission, would eliminate all grounds of removability. And that's not true in this case because there are two grounds of removability. The first one is his illegal reentry in 1993 or 1994. It's not determined exactly when. And the second one is his fraud for misrepresenting in his 1996 adjustment application that he had never been removed. If in 1996 Mr. Corona had asked for a waiver in that case, maybe he would have had a chance, but he didn't. So I would point to the Maduro-Garcia case that was discussed by opposing counsel. And in that instance, the board specifically denied an alien's attempt to bootstrap and tried to get multiple waivers of inadmissibility. And that's exactly what Mr. Corona is trying to do in this case. Counsel, in this case, was the 212i waiver denied as a matter of discretion? It was, and that's why this court doesn't have jurisdiction to review it. The immigration judge and the board specifically denied it as a matter of discretion. So the only question here is whether the board erred or the agency erred when it denied his application to retroactively seek permission for admission. Is there a clear Ninth Circuit precedent in the area that 237A1H waiver cannot be paired with a grant of retroactive permission to reapply for admission, or are we sort of doing it by implication and cobbling everything together? Exactly, that's the case where he's just trying to stack his applications, and he's just trying to cobble it together. I would point to the Garcia case that says that the agency has created this kind of a safe harbor for, you know, it allows aliens to retroactively apply for permission for entry. Garcia-Lenares, is that the case you're talking about? Yes, it's a 1996 case. And that's what this doesn't, that authority that the board created doesn't exist in the regulations or statute. It's an administrative remedy that it has created, and there's no statute, and there's no Ninth Circuit law that... So does there need to be a published opinion in this area? I don't, I mean, I believe that the agency is correct in its decision. If you would agree with the government's position then... It should be published if you agree with me. Exactly. And hold it for ourselves if we don't. Exactly. But if you were to publish it on the petitioner's side, that would be an instance where the court here would be creating this law instead of, you know, Congress or... Now these two matters are temporarily separated, obviously, the fraud and the illegal entry. Yes, Your Honor. They're temporarily separated. Yes, Your Honor. But they certainly relate to the same subject matter very closely. That's what bothers me a little bit about this, because apparently if he'd lied to get into the country then he'd be in a different situation. But he didn't lie to get into... Then they wouldn't be temporarily separated. They'd be in the same incident time-wise. My question is why is this different, functionally, from the situation where you tell a lie to get into the country? Well, the fact that this spans over a period of ten years, when he was first deported in 1993, he entered without inspection or parole, so he didn't... And he didn't lie, he just sneaked into the country, right? He just came without inspection. The first incident of material in the fraud comes in in 1996 when he applied in his application for adjustment and he checked a line that said he had never been deported, so that's the first instance. And then there's also the second instance in 2003 where he said that... And he committed the same misrepresentation of material fact when he said he hadn't been denied before. So even though it all arises from his initial deportation in 1993 and his subsequent re-entry, this spans over ten years. And that was actually a factor in the agency's discretionary determination that because of these multiple acts of fraud, the agency wouldn't rule in his favor. So if there are no further questions, for the foregoing reasons and for the reasons set forth in the response brief, the government asks that the court dismiss in part and deny in part the petition for review. And publish if we do. Thank you, counsel. Rebuttal? All right, thank you. Thank you to both counsel for your argument.
judges: Cudahy, Rawlinson, Callahan